ANSTEAD, J.,
concurring specially.
I concur fully in adoption of these important amendments. Because of the importance of these amendments, however, I would require that the trial court actually make a finding as to the existence of DNA evidence during the plea proceedings. This issue is far too important, and the legislative intent for a definitive resolution too clear, to leave any ambiguity as to the existence of this evidence that may result without a definitive finding by the court.
PARIENTE and QUINCE, JJ., concur.
APPENDIX
RULE 3.170. PLEAS
(a) Types of Plea; Court’s Discretion. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant. If the sworn complaint charges the commission of a misdemeanor, the defendant may plead guilty to the charge at the first appearance under rule 3.130, and the judge may thereupon enter judgment and sentence without the necessity of any further formal charges being filed. A plea of not guilty may be entered in writing by counsel. Every plea shall be entered of record, but a failure to enter it shall not affect the validity of any proceeding in the cause.
(b) Pleading to Other Charges. Having entered a plea in accordance with this rule, the defendant may, with the court’s permission, enter a plea of guilty or nolo contendere to any and all charges pending against him or her in the State of Florida over which the court would have jurisdiction and, when authorized by law, to charges pending in a court of lesser jurisdiction, if the prosecutor in the other case *980 or cases gives written consent thereto. The court accepting such a plea shall make a disposition of all such charges' by judgment, sentence, or otherwise. The record of the plea and its disposition shall be filed in the court of original jurisdiction of the offense. If a defendant secures permission to plead to other pending charges and does so plead, the entry of such a plea shall constitute a waiver by the defendant of venue and all nonjurisdictional defects relating to such charges.
(c) Standing Mute or Pleading Evasively. If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear. If the defendant is a corporation and fails to appear, a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial. A plea of not guilty is a denial of every material allegation in the indictment or information on which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
(g) Vacation of Plea and Sentence Due to Defendant’s Noncompliance.
(1) Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court.
(2) Unless otherwise stated at the time the plea is entered:
(A) The state may move to vacate a plea and sentence within 60 days of the defendant’s noncompliance with the specific terms of a plea agreement.
(B) When a motion is filed pursuant to subdivision (g)(2)(A) of this rule, the court shall hold an evidentiary hearing on the issue unless the defendant admits noncompliance with the specific terms of the plea agreement.
(C) No plea or sentence shall be vacated unless the court finds that there has been substantial noncompliance with the express plea agreement.
(D) When a plea and sentence is vacated pursuant to this rule, the cause shall be set for trial within 90 days of the order vacating the plea and sentence.
(h) Plea of Guilty to Lesser Included Offense or Lesser Degree. The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged that is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
(i) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree. When an indictment or information charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty, generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
*981 (j) Time and Circumstances of Plea. No defendant, whether represented by counsel or otherwise, shall be called on to plead unless and until he or she has had a reasonable time within which to deliberate thereon.
(k) Responsibility of Court on Pleas.
(l) No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings steno-graphically or mechanically, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness and that there is a factual basis for the plea of guilty.
(2) No plea of guilty or nolo contendere to a felony shall be accepted by a court without the court first inquiring of the defendant and of counsel for the defendant and the state as to physical evidence containing DNA known to exist that could exonerate the defendant. If no physical evidence containing DNA that could exonerate the defendant is known to exist, the court may proceed with consideration of accepting the plea. If physical evidence containing DNA that could exonerate the defendant is known to exist, the court may postpone the proceeding on the defendant’s behalf and order DNA testing upon motion of counsel specifying the physical evidence to be tested.
(3) A complete record of the proceedings at which a defendant pleads shall be kept by the court.
(Z) Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e).
RULE 3.172 ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) Open Court. All pleas shall be taken in open court, except that when good cause is shown a plea may be taken in camera.
(c) Determination of Voluntariness. Except when a defendant is not present for a plea, pursuant to the provisions of rule 3.180(d), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding against him or her and, if necessary, one will be appointed to represent him or her;
(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made and that the defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the *982 right not to be compelled to incriminate himself or herself;
(4) that if the defendant pleads guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but does not impair the right to review by appropriate collateral attack;
(5) that if the defendant pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he or she waives the right to a trial;
(6) that if the defendant pleads guilty or nolo contendere, the trial judge may ask the defendant questions about the offense to which he or she has pleaded, and if the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against him or her in a prosecution for perjury;
(7) the complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result;
(8) that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases; and
(9) that if the defendant pleads guilty or nolo contendere, and the offense to which the defendant is pleading is a sexually violent offense or a sexually motivated offense, or if the defendant has been previously convicted of such an offense, the plea may subject the defendant to involuntary civil commitment as a sexually violent predator upon completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated in this respect, as this admonition shall be given to all defendants in all cases.
(d) Inquiry Concerning DNA Evidence. Before accepting a plea of guilty or nolo contendere to a felony, the trial judge must inquire of the defendant and of counsel for the defendant and the state as to physical evidence containing DNA known to exist that could exonerate the defendant. The judge must inquire into the following:
(1) whether counsel for the defense has reviewed the discovery disclosed by the state and whether such discovery included a listing or description of physical items of evidence;
(2) whether the nature of the evidence against the defendant disclosed through discovery has been reviewed with the defendant;
(3) whether the defendant or counsel for the defendant is aware of any physical evidence disclosed by the state for which DNA testing may exonerate the defendant; and
(4) whether the state is aware of any physical evidence for which DNA testing may exonerate the defendant.
(e) Acknowledgment by Defendant. Before the trial judge accepts a guilty or nolo contendere plea, the judge must determine that the defendant either (1) acknowledges his or her guilt or (2) acknowledges that he or she feels the plea to be in his or her best interest, while maintaining his or her innocence.
*983 (ef) Proceedings of Record. The proceedings at which a defendant pleads guilty or nolo contendere shall be of record.
(fg) Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(gh) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(hi) Evidence. Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
(ij ) Prejudice. Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.